IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ARRON A. KEVILUS and
C.K.
    Plaintiffs,

v.

TIFFANY RITCHIE, *et al*.
    Defendants.

No. 14-1241

# REPORT & RECOMMENDATION

Arron A. Kevilus (Kevilus) filed a *pro se* Complaint ([Doc. 1](Doc. 1)) on behalf of himself and his daughter C.K.[1] on June 18, 2014 against various judges and attorneys. For the reasons stated herein, the Court recommends that the Complaint be dismissed.

**I**

In their June 18, 2014 Complaint, the Plaintiffs named as Defendants Attorney Tiffany Ritchie, Attorney Linda Wyant, Attorney Tom Iben, the Peoria County State's Attorney's Office, the Fulton County State's Attorney's Office, the Illinois Attorney General's Office, judges of the Ninth District Court of Illinois, judges of the Tenth District Court of Illinois, the Third District Appellate Court of Illinois, Judge William C. Davis, Judge David Dubicki, Judge Kevin R. Galley, Judge Kim Kelly, Judge Gorman, Judge Paul P. Gilfillian, and Judge David Brown.[2] The Complaint

---

[1] The Court will explain the use of initials to refer to the second Plaintiff later in this Report & Recommendation.
[2] The Court will identify the Defendants as the Plaintiffs listed them in the Complaint, though there are inaccuracies as to the particular courts and inaccuracies as to the spelling of particular judges' names.

includes 16 paragraphs of allegations,³ all of which discuss Plaintiff Kevilus's various state court proceedings. Specifically, the Complaint articulates the failures of Kevilus's attorneys in those proceedings, the cover ups and failures by the State's Attorney Offices, and the consistent failures of and refusals by the judges of the Ninth and Tenth District Courts and the Illinois Third District Appellate Court in order to help Defendant Iben engage in illegal and unethical conduct. In their prayer for relief, the Plaintiffs seek among other things the return of Kevilus's property, compensatory damages, criminal charges brought against certain individuals, and full custody of C.K. by Kevilus.

## II

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). In other words, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp. v Twombly*, 550 US 544, 570 (2007). A formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 US at 555. A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v Citibank, N.A.*, 614 F3d 400, 404 (7th Cir 2010).

As an initial matter, the Court notes that the Plaintiff Kevilus did not properly redact the name of his minor child⁴ as required by Federal Rule of Civil Procedure 5.2(a)(3). See FRCP 5.2(a)(3) (providing that an electronic or paper filing with the court that contains the name of an individual known to be a minor may include only

---

³ On July 2, 2014, the Plaintiffs filed the Affidavit of Plaintiff Arron A. Kevilus and various exhibits hundreds of pages in length. Though not filed contemporaneously with the Complaint nor specifically identified as exhibits in support of the Complaint, the Court construes the Affidavit and exhibits as exhibits in support of the Complaint for purposes of this Report & Recommendation. However, the Plaintiffs simply provided the Court with transcripts and documents from Kevilus's state court proceedings which he says in his Affidavit prove the allegations he makes in his Complaint. The Court will not parse the hundreds of pages in an effort to find support for the Plaintiffs' allegations.

⁴ Nowhere in the Complaint's allegations does Kevilus specifically identify the child's age or the child's relationship to him.

the minor's initials). As a result of Kevilus's failure to properly redact the name of the minor child, the Complaint and exhibits have been placed under seal. Whether the Complaint and exhibits shall remain under seal is left for the District Judge's determination upon his disposition of the instant Report & Recommendation. Because a minor's initials must be used in place of the minor Plaintiff's name in this case pursuant to Federal Rule of Civil Procedure 5.2(a)(3), the Court will proceed to use only the minor's initials herein.

Kevilus's failure to redact the minor child's name is just the first of many problems with the Complaint. The second problem being that Kevilus, a non-lawyer parent, may not represent his child. See *Navin v Park Ridge School District 64, 270 F3d 1147, 1149 (7th Cir 2001)* (explaining that the plaintiff father was free to represent himself, but as a non-lawyer he had no authority to appear as his son's legal representative); 28 USC § 1654 ("In all courts of the United States *the parties may plead and conduct their own cases personally* or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein") (emphasis added).

Next, to the extent that Kevilus intended to state a claim under 42 USC § 1983, the allegations of the Complaint do not contain sufficient factual matter to state such a claim plausible on its face. Section 1983 imposes liability where a defendant acts under color of state law and the defendant's conduct violated the plaintiff's rights under the Constitution or laws of the United States. 42 USC § 1983. 42 USC § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Here, Kevilus alleges discrimination and equal protection violations by the Defendants. A plaintiff can proceed under a "class of one" theory of equal protection if he "has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." *Walker v Samuels*, 543 F App'x 610, 611 (7th Cir 2013), quoting *Village of Willowbrook v Olech*, 528 US 562, 564 (2000). Kevilus does not identify any others who were similarly situated that received different treatment from what Kevilus received during his state court proceedings. Thus, his statement of the claim does not show that he is entitled to relief where he does not plead an essential element. There are also problems with who Kevilus named as Defendants.

The Defendant State's Attorney Offices, Illinois Attorney General's Office, Illinois Ninth and Tenth District Courts, and the Illinois Third District Appellate Court are not "persons" under Section 1983. See *Houston v Cook County*, 758 F Supp 1225, 1227 (ND Ill 1990) (holding that Illinois State's Attorney, in his official capacity, was not a "person" for Section 1983 purposes because State's Attorneys are state officers under the Illinois constitution); *Clark v Clark*, 984 F2d 272, 273 (8th Cir 1993) (explaining that courts are not persons within the meaning of Section 1983 and, even if they were, the plaintiff's action would be barred by the Eleventh Amendment); *Shallow v Rogers*, 201 F App'x 901, 904 (3d Cir 2006) (agreeing with district court that the Pennsylvania Court of Common Pleas was not a person subject to suit under Section 1983); *Zuckerman v Appellate Division, Second Department, Supreme Court of State of NY*, 421 F2d 625, 626 (2d Cir 1970) (holding that Appellate Division of the Supreme Court of the State of New York not a person within the meaning of Section 1983).

As for the individual Defendant judges, those Defendants have immunity from lawsuits such as this one. Judges "enjoy absolute immunity from damages liability for acts performed in their judicial capacities. *Dennis v Sparks*, 449 US 24, 27 (1980). Judicial immunity is designed to protect "judicial independence by

4

insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v White*, 484 US 219, 225 (1988). Judicial immunity also recognizes that judges may make mistakes, and immunity is not removed even if a judge's actions include grave procedural errors. *Stump v Sparkman*, 435 US 349, 359 (1978); see also *Clinton v Jones*, 520 US 681, 694-95 (1997) (emphasizing that "immunities are grounded in 'the nature of the function performed, not the identity of the actor who performed it'"), quoting *Forrester v White*, 484 US 219, 229-30 (1988). Finally, Section 1983 provides that, "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 USC § 1983. The Plaintiffs' allegations do not in any way suggest that injunctive relief may be granted against the Defendant judges.

As for the Peoria County and Fulton County State's Attorneys, Kevilus alleges that those attorneys have at times wrongfully not filed charges against others and at other times wrongfully filed charges against him. Just as judges have immunity from suits for monetary damages under Section 1983, so too do prosecutors when acting as advocates for the State. *Smith v Power*, 346 F3d 740, 742 (7th Cir 2003), citing *Buckley v Fitzsimmons*, 509 US 259, 273 (1993). To the extent that Kevilus seeks to hold the Peoria County and Fulton County State's Attorneys liable for their decisions to pursue or not pursue criminal charges in violation of the Plaintiffs' constitutional rights, the attorneys are immune from such liability.

The next problem with the Complaint is that because of the immunities discussed above, the Plaintiffs' allegations against Defendant Attorney Iben do not state a claim. Those allegations go on at great length about how Iben has been involved in repeated criminal and unethical acts with multiple public officials. Those "public officials" are the Defendant judges, State's Attorney Offices, Illinois Attorney General's Office, Illinois Ninth District Court, Illinois Tenth District Court, and Illinois Third District Appellate Court. The crux of the Plaintiffs' allegations

5

against Defendant Iben is that Iben has had help from the various other Defendants to obtain favorable court decisions in violation of the Plaintiffs' rights. As discussed above, Kevilus fails to state a claim under Section 1983 for the violation of his and C.K.'s equal protection rights against any of the named Defendants. Even construing the allegations liberally, as the Court must do when faced with a *pro se* complaint, to state a claim that Defendant Iben conspired with the Defendant judges and State's Attorneys to violate the Plaintiffs' constitutional rights under Section 1983, the Complaint still fails.

Where Section 1983 liability is based upon a conspiracy theory, a plaintiff must show: 1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and 2) those individual(s) were willful participants in joint activity with the state or its agents. *Williams v Seniff*, 342 F3d 774, 785 (7th Cir 2003), quoting *Fries v Helsper*, 146 F3d 452, 457 (7th Cir 1998). Here, as discussed in detail above, the Defendant judges and State's Attorneys have immunity from lawsuits for damages under Section 1983, and therefore, the Plaintiffs fail to state a conspiracy claim under Section 1983 against Iben as a private person. See *Hansen v Ahlgrimm*, 520 F2d 768, 770-71 (7th Cir 1975). ("[E]ven assuming plaintiff's allegations to be sufficiently specific to overcome [the merely vague and conclusory allegations of a conspiracy], it has been frequently stated that allegations of conspiracy between private persons and public officials who are themselves immune from liability under the facts alleged are insufficient to establish liability of the private persons under color of state law for purposes of the Civil Rights Act"); *Staelens v Yake*, 432 F Supp 834, 838 (ND Ill 1977) (citing cases); but see *Grow v Fisher*, 523 F2d 875, 878 (7th Cir 1975) (stating that it was "somewhat disturbing the lack of any rationale for a rule which would appear to carry over governmental immunity to private individuals[,]" but not expressly rejecting *Hansen*). Under the authority of *Hansen*, any attempted Section 1983 claims against

Defendant Iben fail because Kevilus alleges that Iben conspired with individuals who are immune from liability under Section 1983.

As for the remaining Defendants Ritchie and Wyant, while they do not enjoy any immunity, Kevilus's allegations against those Defendants simply do not state any cognizable claims against them. Instead, it is apparent that Kevilus is unhappy with the representation he received by Ritchie and Wyant. Without more, that does not make a federal case under the circumstances alleged.

It is important to note, given Kevilus's prayer for relief that the "Federal Courts grant Kevilus full custody," that such a request threatens the Court's subject matter jurisdiction. See *Ankenbrandt v Richards*, 504 US 689, 703 (1992) (reaffirming that the domestic relations exception divests the federal courts of power to issue divorce, alimony, and child custody decrees). While it does not appear that Kevilus could establish jurisdiction based on diversity, from which the domestic relations exception was statutorily carved out, there remains the question of whether this Court could exercise jurisdiction over Kevilus's case that expressly seeks a child custody decree. See *Allen v Allen*, 48 F3d 259, 262 n3 (7th Cir 1995) (noting that the domestic relations exception is statutorily carved out from diversity jurisdiction but that the "goal of leaving family disputes to the courts best suited to deal with them" was equally strong in the non-diversity dispute before the court involving a volatile relationship among former and current spouses in a tug-of-war over a little girl); *Hickey v Duffy*, 827 F2d 234, 239 (7th Cir 1987) ("Although the [domestic relations] exception deals only with the diversity jurisdiction, the principles behind the exception suggest that a federal court should construe narrowly any federal question jurisdiction that it may possess, when the identical question is pending before the state court with jurisdiction of family law"); *Lynk v LaPorte Superior Court No. 2*, 789 F2d 554, 563 (7th Cir 1986) ("The judge-made doctrine that prevents federal courts from adjudicating certain types of domestic relations cases under the

diversity jurisdiction can be restated as a doctrine of abstention also applicable to cases brought in federal court under the federal-question jurisdiction").

For all the reasons set forth above, the Court recommends that the Plaintiffs' Complaint (Doc. 1) be dismissed in its entirety.

Any objection to this Report & Recommendation must be filed in writing with the Clerk within fourteen (14) working days after service of this Report and Recommendation. FRCP 72(b)(2); 28 USC § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v Zema Sys. Corp.*, 170 F3d 734, 739 (7th Cir 1999); *Lorentzen v Anderson Pest Control*, 64 F3d 327, 330 (7th Cir 1995).

Entered on July 11, 2014

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE
