E-FILED
Monday, 17 November, 2014 03:05:46 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| AARON KEVILUS and CHEYANN KEVILUS, | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | ) Case No.: 14-1241<br>) |
| TIFFANY RITCHIE et al. | )<br>) |
| Defendants. | ) |

## **ORDER AND OPINION**

This matter is now before the Court on several matters: a Report and Recommendation by Magistrate Judge Jonathan E. Hawley [5], a Motion for Leave to File an Amended Complaint [7] and a Motion to Dismiss by Defendants Honorable David Brown, Honorable William C. Davis, Honorable David J. Dubicki, Fulton County States Attorney's Office, Honorable Kevin R. Galley, Honorable Paul P. Gilfillian, Judge Gorman, Illinois Attorney General's Office, Illinois Ninth District Court, Illinois Tenth District Court, Illinois Third District Appellate Court, and Honorable Kim Kelly [8]. This Order follows.

On June 18, 2014, Plaintiffs filed a sixteen-page complaint, in which they made allegations against several judges, States Attorney's offices, State's Attorneys, and private attorneys. The complaint consisted of rambling, conclusory allegations against the Defendants and in no way adhered to the pleading requirements set forth in Federal Rules of Civil Procedure 8(a).

On July 11, 2014, Magistrate Hawley filed a Report and Recommendation attacking the merits of the complaint. The Report and Recommendation, albeit premature for dismissal,

accurately sets forth the deficiencies in Plaintiffs' complaint and is adopted to that extent, but is not adopted to the extent that the complaint should be dismissed with prejudice. "District courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by doing so the *pro se* litigant would be able to state a meritorious claim." Donald v Cook County Sheriff's Dept, 95 F.3d 548, 555 (7th Cir. 2011). While the Court is not required to become an advocate, it must take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds. Indeed, it is the "well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration." Palmer v. City of Decatur, 814 F.2d 426, 428-29 (7th Cir. 1987).

The Court notes Plaintiffs filed an objection to Magistrate's Hawley Report and Recommendation.[1] Plaintiffs include cites to criminal law in their response. The Court reminds Plaintiffs this is a civil case and not a criminal case; therefore, criminal law is inapplicable to Plaintiffs' case. The Court has reviewed Plaintiffs' Amended Complaint and finds that it is duplicative of their first Complaint; therefore, the Court denies Plaintiffs leave to file their amended complaint as it was submitted prior to clarification by the Court. Plaintiffs' complaint is dismissed without prejudice for failure to state a cause of action for which relief can be granted.

Plaintiffs have 30 days from the entry of this order to file an amended complaint. Plaintiffs have the benefit of the Report and Recommendation, which details the defects in their complaint and allegations; therefore, the Court does not feel that any further guidance is required at this juncture. Plaintiffs' amended complaint must attempt to cure the deficiencies set forth in

---

[1] Plaintiffs' objection was untimely; therefore, the Court treated the Report and Recommendation as if was uncontested.

the Report and Recommendation. In addition, Plaintiffs' amended complaint must follow the pleadings requirements set forth in the Federal Rules of Civil Procedure and must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). If Plaintiffs' complaint fails to meet the pleading requirements, the complaint will be stricken and Plaintiffs' case will be dismissed with prejudice.

Given that the Court has dismissed Plaintiffs' first complaint for failure to state a claim for which relief can be granted and denied Plaintiffs' leave to file their amended complaint, Defendants Honorable David Brown, Honorable William C. Davis, Honorable David J. Dubicki, Fulton County States Attorney's Office, Honorable Kevin R. Galley, Honorable Paul P. Gilfillian, Judge Gorman, Illinois Attorney General's Office, Illinois Ninth District Court, Illinois Tenth District Court, Illinois Third District Appellate Court, and Honorable Kim Kelly's Motion to Dismiss is moot. The aforementioned Defendants must file a responsive pleading should Plaintiffs' file an amended complaint in response to this Order, unless otherwise instructed by the Court.

The remaining issue is whether Plaintiffs have properly served Defendants Tiffany Richie, Linda Wyant, and Thomas Iben. A case must be dismissed if no service is effected within 120 of filing, unless good cause for that failure is shown. Fed. R. Civ. P. 4(m). If Plaintiffs have returns of service or executed waivers of service for Defendants Richie, Wyant, and Iben, Plaintiffs are directed to file them with Court within 30 days. If Plaintiffs have failed to serve Defendants Ritche, Wyant, and Iben, Plaintiffs

are ordered to show cause in writing within 30 days indicating why this action should not be dismissed as to these Defendants for failure to prosecute.

Accordingly, for the reasons set forth above, Plaintiffs' Complaint [1] is DISMISSED WITHOUT PREJUDICE for failure to state a claim for which relief can be granted; the Magistrate's Report and Recommendation [5] is ADOPTED to the extent it sets forth the deficiencies in Plaintiffs' Complaint and DENIED to the extent it recommends dismissal without leave to amend; Plaintiffs' Motion for Leave to File an Amended Complaint [7] is DENIED; and Defendants' Motion to Dismiss [8] is MOOT. Plaintiffs are ordered to file an Amended Complaint that complies with this Order within 30 days of this date. Plaintiffs are further ordered to file waivers of service or returns of service as to Defendants Richie, Wyant, and Iben within 30 days of this date. If Plaintiffs do not have proof of service as to these Defendants, Plaintiffs are ordered to show cause in writing within 30 days of this date indicating why this case should not be dismissed as to Defendants Richie, Wyant, and Iben. Plaintiffs are cautioned that failure to comply with this Order may result in dismissal of their lawsuit with prejudice.

Entered this 17th day of November, 2014.

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge